STATE OF HAWAI`I, by its Attorney General, Plaintiff/Counterclaim Defendant/Cross-Claim Defendant-Appellant,
v.
EARTHJUSTICE, Defendant/Counterclaimant-Appellee and
EARTHJUSTICE LEGAL DEFENSE FUND, DAVID L. HENKIN, JOHN DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATIONS 1-20; DOE GOVERNMENTAL AGENCIES 1-20; AND DOE ENTITIES 1-20, Defendants-Appellees and
PILAA 400, LLC AND PFLUEGER PROPERTIES, Plaintiffs-Intervenors/Cross-Claimants-Appellees
No. 29289.
Intermediate Court of Appeals of Hawaii.
August 3, 2009.
On the briefs:
William J. Wynhoff, Deputy Attorney General, for Plaintiff/Counterclaim Defendant/Cross-Claim Defendant-Appellant State of Hawai`i.
Paul H. Achitoff, Koalani L. Kaulukukui, for Defendant/Counterclaimant-Appellee Earthjustice.

MEMORANDUM OPINION
WATANABE, Acting C.J., FOLEY and FUJISE, JJ.
Plaintiff/Counterclaim Defendant/Cross-Claim Defendant-Appellant State of Hawai`i (State), by its Attorney General, appeals from the Final Judgment filed on July 31, 2008 in the Circuit Court of the First Circuit (circuit court).[1]
On appeal, the State contends the circuit court erred in its July 31, 2008 "Order Granting In Part and Denying in Part Defendant/Counterclaimant Earthjustice's Motion for Award of Attorneys' Fees and Costs" by awarding attorneys' fees and costs, pursuant to Hawaii Revised Statutes (HRS) § 92F-15(d) (1993),[2] to Defendant/Counterclaimant-Appellee Earthjustice (Earthjustice) because Earthjustice was not the prevailing party in an action brought pursuant to HRS § 92F-15.

I. BACKGROUND
On February 7, 2003, pursuant to HRS Chapter 92F  the State Uniform Information Practices Act (UIPA)  Earthjustice requested permission to inspect and copy documents relating to James H. Pflueger, James H. Pflueger Properties, and Pilaa 400, LLC., that were in the possession of the Clean Water Branch (CWB) of the State of Hawai`i Department of Health (DOH). In response, the DOH produced six boxes of documents for inspection at the CWB's office. Between February 10 and 27, 2003, selected documents were copied at the request of Earthjustice and given to Earthjustice. On April 1, 2003, the State contacted Earthjustice and demanded that all copies of documents, both confidential and non-confidential, the DOH had provided to Earthjustice be returned. Earthjustice responded that even though it was not aware of any authority suggesting that it had acted inappropriately or was under a legal or ethical obligation to return any of the documents, it was willing to work with the State to identify any records it might be willing to return voluntarily. The State refused to consider anything but the return of all the documents.
On June 9, 2003, the State filed a complaint against Earthjustice, Earthjustice Legal Defense Fund, and David L. Henkin, who was employed as an attorney at Earthjustice. The State sought declaratory and injunctive relief prohibiting Earthjustice from keeping any copies of the documents, notes, or information based on Earthjustice's review, possession, and use of the documents. The State alleged that the documents "are not available for review and copying pursuant to [HRS] § 92F-13 [(1993)] and other applicable state and federal law."[3] The State claimed that the CWB mistakenly had allowed Earthjustice to review and copy the documents and Earthjustice was not entitled to keep the copies in its possession. Earthjustice denied the State's allegations and filed a counterclaim against the State. The circuit court dismissed the State's complaint on June 16, 2003 as to Earthjustice Legal Defense Fund and on June 19, 2003 as to David L. Henkin.
In its counterclaim, Earthjustice claimed that the State's "lawsuit to deprive Earthjustice of all copies of the government records received pursuant to Earthjustice's February 2003 UIPA request violates UIPA, [HRS] §§ 92F-11(a)-(b)." Earthjustice also claimed that it had a right to retain all copies pursuant to its February 2003 request. In its prayer for relief, Earthjustice requested a declaratory judgment against the State and in favor of Earthjustice that "Earthjustice was entitled to the records obtained pursuant to its February 2003 UIPA request," dismissal of the State's claims with prejudice, and an award of attorneys' fees and costs. On July 3, 2003, the State filed a reply to the counterclaim, in which the State denied that it was "attempting to deprive Earthjustice of government records lawfully obtained pursuant to the UIPA."
On July 3, 2003, the State filed a Motion for Summary Judgment and Issuance of Permanent Injunction. On July 18, 2003, Earthjustice filed a Cross-Motion for Summary Judgment. After a hearing, the circuit court entered on September 22, 2003 its "Order Granting in Part (1) Plaintiff/Counterclaim Defendant State of Hawai`i's Motion for Summary Judgment and (2) Defendant/Counterclaimant Earthjustice's Cross-Motion for Summary Judgment" (Order), which provided:
It is hereby ordered that both PLAINTIFF STATE OF HAWAII'S MOTION FOR SUMMARY JUDGMENT (filed July 3, 2003) and EARTHJUSTICE'S CROSS-MOTION FOR SUMMARY JUDGMENT (filed July 18, 2003) are granted in part as follows:
1. Earthjustice and its officers, agents, servants, employees, independent contractors, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby prohibited and enjoined from using, copying, publishing, or otherwise communicating the documents obtained from the State of Hawai`i (Bates-stamped 007500 to and including 008865 and described in the records and files of this case) and are further prohibited and enjoined from using, copying, publishing, or otherwise communicating any information contained in or derived from the documents, except as otherwise provided herein.
2. Earthjustice shall make available for inspection by the State all the documents and any copies thereof.
3. The State will inspect the documents and shall prepare a privilege log that identifies all documents that it requests to be returned, including a general statement regarding why a privilege or claim of confidentiality is being asserted.
4. If there is no dispute as to a document listed on the privilege log, then Earthjustice shall return that document to the State. If there is a dispute as to a document listed on the privilege log, then the parties shall return to the Court for an in camera inspection of any disputed documents and briefing regarding why each document that is in dispute should or should not be returned.
5. The State shall pay defendant Earthjustice's attorneys' fees and costs incurred in this litigation, including time spent preparing a supporting declaration and time and expenses spent inspecting and photocopying any documents that may be returned. Earthjustice shall submit a declaration that itemizes with detail what specific expenses were incurred and why, as well as what specific tasks were performed for which attorneys' fees are being claimed. The amount of fees and costs awarded will be determined in the future upon a complete record regarding the amounts thereof.
6. Earthjustice may retain and immediately use any document not listed on the privilege log. Earthjustice may also retain and use any document that the Court allows it to keep after any in camera review and briefing discussed in paragraph 4, if necessary. The injunction shall be lifted and shall no longer apply to: (1) any document over which there is no dispute that Earthjustice may retain, and (2) any disputed documents that the Court determines Earthjustice may keep.
On October 16, 2003, Pilaa 400, LLC and Pflueger Properties (collectively, Pilaa) moved to intervene in the case. The circuit court granted the motion to intervene, and Pilaa filed a complaint and cross-claim for injunctive and declaratory relief.
On December 12, 2003, Earthjustice filed a Motion to Retain and Use Select Tax Returns and Return Information. The circuit court heard the motion on January 22, 2004 and on March 22, 2004 issued an order, which stated:
IT IS HEREBY ORDERED that EARTHJUSTICE'S "Motion to Retain and Use Select Tax Returns and Return Information (filed December 12, 2003)" is DENIED WITHOUT PREJUDICE, as follows:
1. This Court does not need to determine the merits of this Motion at this time.
2. Accordingly, Earthjustice shall continue to maintain the documents at issue here in a sealed and inaccessible condition until further order of this Court.
3. Should the information at issue in this Motion become relevant to a genuine dispute regarding the ability of Defendants in the federal Citizen's Suit, Limu Coalition, et al. v. James H. Pflueger et al., Civil No. 02-00521 SPK/BMK (D. Hawai`i) to pay any agreed upon Settlement, then Earthjustice may re-notice its motion without refiling the pleadings and documents.
On August 16, 2007, Pilaa agreed to dismiss, without prejudice, the claims of Pilaa against the State and Earthjustice in return for Earthjustice delivering to the attorney for Pilaa all copies of documents Bates-stamped 008178-008187, 008204-008205, 008208-008224, 008456-008481, 008510-008522, 008523-008540, 008555-008581, and 008781-008791.
On April 9, 2008, Earthjustice filed a Motion for Award of Attorneys' Fees and Costs (Motion for Fees/Costs). Earthjustice claimed it was entitled to fees and costs pursuant to HRS § 92F-15(a). Earthjustice further claimed it was the prevailing party because the circuit court never ordered Earthjustice to unconditionally return the documents it obtained pursuant to the February 2003 request and therefore the State had not been successful in its suit to recover the documents.
The State opposed the Motion for Fees/Costs, claiming that Earthjustice was not the prevailing party pursuant to HRS § 92F-15 because "Earthjustice was not and is not `a person aggrieved by denial of access to a government record.'" The State argued that its action "was an action by the State seeking return of documents mistakenly provided." The State further argued that even if Earthjustice prevailed in an HRS Chapter 92F action, its success was limited because Earthjustice returned all but 16 pages of documents and Pilaa had advised the State that Earthjustice could retain those 16 pages.
On July 31, 2008, the circuit court entered an order, awarding Earthjustice most of its requested attorney's fees and costs, and the Final Judgment, which stated:
Pursuant to Rules 54(a) and 58 of the Hawai`i Rules of Civil Procedure, final judgment hereby is entered, in part, in favor of Earthjustice against the State of Hawai`i and, in part, in favor of the State of Hawai`i against Earthjustice in accordance with the ORDER GRANTING IN PART (1) PLAINTIFF/COUNTERCLAIM DEFENDANT STATE OF HAWAI`I'S MOTION FOR SUMMARY JUDGMENT AND (2) DEFENDANT/COUNTERCLAIMANT EARTHJUSTICE'S MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT filed herein on September 22, 2003 and the ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT/COUNTERCLAIMANT EARTHJUSTICE'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS.
The Order filed September 22, 2003, (1) enjoined Earthjustice from using any of the disputed documents or information contained in them, except as otherwise provided in the Order; (2) directed Earthjustice to make the disputed documents in its possession available to the State for inspection; (3) directed the State to identify documents for which the State claimed privilege or confidentiality and to explain why; (4) directed Earthjustice to return to the State any documents that it did not dispute were privileged or confidential, and in the event Earthjustice disputed the State's claim of privilege of confidentiality, to return to court for an in camera inspection of those documents; (5) directed the State to pay Earthjustice's attorneys' fees and costs in an amount to be determined in the future; and (6) authorized Earthjustice to retain and immediately use any document not claimed by the State as privileged or confidential and any documents that the Court determined Earthjustice may keep after in camera review.
All claims as to defendant Earthjustice Legal Defense Fund were dismissed by NOTICE OF PARTIAL DISMISSAL WITHOUT PREJUDICE OF COMPLAINT FILED JUNE 9, 2003, AS TO EARTHJUSTICE LEGAL DEFENSE FUND filed June 16, 2003.
All claims as to defendant David L. Henkin were dismissed by NOTICE OF PARTIAL DISMISSAL WITHOUT PREJUDICE OF COMPLAINT FILED JUNE 9, 2003, AS TO DAVID L. HENKIN filed June 19, 2003.
All cross[-]claims and counterclaims by intervenors Pflueger Properties and Pilaa 400 LLC were dismissed by STIPULATION TO DISMISS CLAIMS BY INTERVENORS/CROSS[-] CLAIMANTS PFLUEGER PROPERTIES AND PILAA 400, LLC filed August 27, 2007. This Stipulation also resolved any remaining issues as to disputed documents.
Judgment in the amount of $61,618.00 for reasonable attorneys' fees and $228.57 for costs is hereby entered in favor of Earthjustice against the State of Hawai`i.
There are no further claims or parties remaining in this action. Any and all other claims, cross-claims, or counterclaims are hereby dismissed.
The State timely filed this appeal.

II. STANDARD OF REVIEW
[The appellate] court reviews the trial court's grant or denial of attorneys' fees and costs under the abuse of discretion standard. Price [v. AIG Hawai`i Ins. Co.], 107 Hawai`i [106,] 110, 111 P.3d [1,] 5 [(2005)] (citations omitted).
The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Id. (citations omitted).
Enoka v. AIG Hawai`i Ins. Co., Inc., 109 Hawai`i 537, 544, 128 P.3d 850, 857 (2006).

III. DISCUSSION
On appeal, the State argues that the circuit court erred by awarding Earthjustice attorneys' fees and costs because the State instituted a declaratory relief action for which attorneys' fees and costs are not recoverable.
The State's Complaint requested declaratory relief to force Earthjustice to return the documents it had obtained through the February 2003 request and to prevent the use of any information obtained therefrom. In its Motion for Summary Judgment, the State argued that it sought declaratory relief to "re-set the clock" because it had not followed proper procedure to inspect the documents and make a determination that the information was not confidential prior to disclosing the information to Earthjustice. In its counterclaim, Earthjustice claimed that the State's lawsuit was intended to deprive Earthjustice of all copies of the "government records" that it received. In its Cross-Motion for Summary Judgment, Earthjustice argued that the State lacked a cause of action because HRS Chapter 92F "does not authorize or even contemplate reclaiming disclosed records."
Earthjustice's basis for claiming that it was entitled to attorneys' fees and costs was HRS § 92F-15(d). In opposing Earthjustice's request for attorneys' fees and costs, the State argued that Earthjustice was not entitled to fees and costs because the case was "an action by the State seeking return of documents mistakenly provided"  not an HRS § 92F-15 case brought by Earthjustice as complainant. The circuit court granted Earthjustice's request for attorneys' fees and costs, thereby implicitly agreeing with Earthjustice that it had stated a claim within the scope of HRS Chapter 92F.
HRS § 92F-15(d) provides that "[i]f the complainant prevails in an action brought under this section, the court shall assess against the agency reasonable attorney's fees and all other expenses reasonably incurred in the litigation." The phrase "an action brought under this section" refers to HRS § 92F-15. HRS § 92F-15(a) provides that a "person aggrieved by a denial of access to a government record may bring an action against the agency at any time within two years after the agency denial to compel disclosure." (Emphasis added.) The term "person[4] aggrieved" is not defined in the statute. Plainly,[5] however, Earthjustice is not a "person aggrieved by a denial of access to a government record." On the contrary, the CWB never denied access to any governmental record. Earthjustice's attorney stated in his declaration attached to Earthjustice's Cross-Motion for Summary Judgment that the DOH had granted Earthjustice's UIPA request for the documents "in its entirety" and the DOH's staff had produced six boxes of documents for Earthjustice's inspection at the CWB office. In its Motion for Fees/Costs, Earthjustice stated that on "February 7, 2003, the [DOH] granted in full Earthjustice's UIPA request to inspect and copy government records."
Because the DOH granted the UIPA request in its entirety, Earthjustice was not a person aggrieved by denial of access to a government record. State of Hawai`i Org. of Police Officers v. Soc'y of Prof'l Journalists-Univ. of Hawai`i Chapter, 83 Hawai`i 378, 392, 927 P.2d 386, 400 (1996).

IV. CONCLUSION
The Final Judgment filed on July 31, 2008 in the Circuit Court of the First Circuit is reversed only as to the judgment pertaining to attorneys' fees and costs awarded in favor of Earthjustice and against the State of Hawai`i. The remainder of the Final Judgment is affirmed.
NOTES
[1] The Honorable Gary W.B. Chang presided.
[2] HRS § 92F-15 provides:

§92F-15 Judicial enforcement. (a) A person aggrieved by a denial of access to a government record may bring an action against the agency at any time within two years after the agency denial to compel disclosure.
(b) In an action to compel disclosure the circuit court shall hear the matter de novo. Opinions and rulings of the office of information practices shall be admissible. The circuit court may examine the government record at issue, in camera, to assist in determining whether it, or any part of it, may be withheld.
(c) The agency has the burden of proof to establish justification for nondisclosure.
(d) If the complainant prevails in an action brought under this section, the court shall assess against the agency reasonable attorney's fees and all other expenses reasonably incurred in the litigation.
(e) The circuit court in the judicial circuit in which the request for the record is made, where the requested record is maintained, or where the agency's headquarters are located shall have jurisdiction over an action brought under this section.
(f) Except as to cases the circuit court considers of greater importance, proceedings before the court, as authorized by this section, and appeals therefrom, take precedence on the docket over all cases and shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way.
[3] HRS § 92F-13 provides:

§92F-13 Government records; exceptions to general rule. This part shall not require disclosure of:
(1) Government records which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy;
(2) Government records pertaining to the prosecution or defense of any judicial or quasi-judicial action to which the State or any county is or may be a party, to the extent that such records would not be discoverable;
(3) Government records that, by their nature, must be confidential in order for the government to avoid the frustration of a legitimate government function;
(4) Government records which, pursuant to state or federal law including an order of any state or federal court, are protected from disclosure; and
(5) Inchoate and draft working papers of legislative committees including budget worksheets and unfiled committee reports; work product; records or transcripts of an investigating committee of the legislature which are closed by rules adopted pursuant to section 21-4 and the personal files of members of the legislature.
[4] HRS § 92F-3 (1993) defines "person" as "an individual, corporation, government, or governmental subdivision or agency, business trust, estate, trust, partnership, association, or any other legal entity."
[5] When construing a statute, "the fundamental starting point is the language of the statute itself" and "where the statutory language is plain and unambiguous, [the appellate courts'] sole duty is to give effect to its plain and obvious meaning." State v. Kalama, 94 Hawai`i 60, 64, 8 P.3d 1224, 1228 (2000) (internal quotation marks and citations omitted). However, even when a statute is unambiguous, the legislative history may be consulted to confirm the appellate court's interpretation. See Hawaii Elec. Light Co. v. Dep't. of Land & Natural Res., State of Hawai`i, 102 Hawai`i 257, 270, 75 P.3d 160, 173 (2003) ("Although we ground our holding in the statute's plain language, we nonetheless note that its legislative history confirms our view." (Citing State v. Entrekin, 98 Hawai`i 221, 227, 47 P.3d 336, 342 (2002).)).